**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) 2:13-cr-00322-RCJ-VCF |
| | ) **ORDER** |
| DANIEL LEE STRANDBERG, | ) |
| Defendant. | ) |

A grand jury indicted Defendant for two counts of bank robbery, alleging that he robbed $20,400 from Bank of America in Reno and $1,519 from Nevada State Bank in Las Vegas. (*See* Second Superseding Indictment, ECF No. 34).  Defendant pled guilty to both counts pursuant to a plea agreement, and the Court sentenced him to 180 months imprisonment on each count, the sentences to run concurrently to one another but consecutively to his sentence in Case No. 3:01-cr-171. (*See* J. 1–2, ECF No. 69).  The Court ordered $21,919 in restitution. (*See id.* 5; Restitution List, ECF No. 69, at 7).  A Final Order of Forfeiture incorporated by reference and attached to the Judgment orders forfeiture of $3,120 and an *in personam* money judgment of $21,919. (*See* J. 6; Final Order of Forfeiture, ECF No. 69, at 8).[1]

While the case was pending, Nevada State Bank filed a motion for an ancillary hearing under 21 U.S.C. § 853(n) to prove what portion of the seized $3,120 belonged to Nevada State Bank (as opposed to Bank of America).  After the Court entered judgment, the Government and

---

[1] The money judgment does not make Defendant liable for an additional $21,919 but gives the Government an additional tool to recover the restitution amount if any assets of Defendant are available (or become available) for attachment.  The $3,120 is not in addition to the $21,919 but concerns cash seized from Defendant at the time of his arrest constituting proceeds of the thefts. (*See* Plea Agreement ¶¶ 9–10, ECF No. 53).

1

Nevada State Bank stipulated that the $3,120 would be forfeited to the Government.  Although not explained in the stipulation, at a hearing the Government explained that it would not keep the funds for itself but would later calculate the prorated amounts of the $3,120 due to Nevada State Bank and Bank of America, respectively, and distribute the amounts.  The Court refused to sign the stipulation.  Nevada State Bank has withdrawn its motion for an ancillary hearing, and the Government has filed a proposed final order of forfeiture that is duplicative of the Final Order of Forfeiture already entered.

The Court rejects the proposed order.  Like the previously rejected stipulation, the proposed order is superfluous given the Final Order of Forfeiture attached to the Judgment.  The $3,120 has already been forfeited to the Government and is presumably still in its custody, and all parties appear to agree that a pro rata distribution to the victims is appropriate.  The only remaining question is the disposition of the $3,120, which is not complex.  The amount due to Nevada State Bank is $3,120 * $1,519 / ($1,519 + $20,400) = **$216.22**, and the amount due to Bank of America is therefore $3,120 - $216.22 = **$2903.78**.  The Government shall return those amounts to the respective victims from the seized cash, and Defendant shall thereby be credited with $3,120 against both the *in personam* judgment and the judgment of restitution.

IT IS SO ORDERED.

Dated this 5th day of August, 2015.

                                            _____
                                                ROBERT C. JONES
                                            United States District Judge