# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:13-cr-00322-RCJ-VCF-1 |
| vs. | ) | |
| | ) | |
| DANIEL LEE STRANDBERG, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

A grand jury indicted Defendant Daniel Lee Strandberg of two counts of bank robbery in violation of 18 U.S.C. § 2113(a). (*See* Second Superseding Indictment, ECF No. 34). The Court granted Defendant's motion to represent himself. Defendant pleaded guilty to both counts, and on July 7, 2014 the Court adjudged him guilty of both counts, sentencing him to 180 months of imprisonment on each count, to be served concurrently to one another but consecutively to the judgment in Case No. 3:01-cr-171. (*See* J. 1–2, ECF No. 69). Plaintiff did not appeal. Plaintiff has now asked the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

The Court finds that although the motion is statutorily timely, it is both procedurally defaulted and without merit.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f), (f)(3). Defendant filed the motion on April 25, 2016, which is within one year of June 26, 2015, the date on which the Supreme Court announced the rule of *Johnson v.*

*United States*, 135 S. Ct. 2551 (2015) upon which Defendant relies. The Supreme Court has made *Johnson* retroactive on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). But the claim is procedurally defaulted because, as Defendant admits, he failed to appeal, and he does not argue cause and prejudice or actual innocence excusing the default. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). Nor did he make any vagueness-type objection at or before his sentencing hearing or any objection to the pre-sentence report, explicitly declining to so object.

Anyway, the claim is without merit. Defendant argues that his prior offenses (also bank robberies) were non-violent because he was unarmed when he committed them, and that he therefore should have been sentenced as a non-violent career criminal as opposed to a violent career criminal under the now-void residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B). *See Johnson*, 135 S. Ct. 2551, 2563 (2015) ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."). But Defendant was in fact sentenced as a "regular" career criminal under U.S.S.G. § 4B1.1 as opposed to an armed career criminal under § 4B1.4, if that is the distinction he means to draw. His designation as a career criminal under § 4B1.1 was based on his two or more prior bank robberies being "crimes of violence" as defined in § 4B1.2. That section's definition mirrors the definition found in § 924(e)(2)(B). But regardless of whether Defendant was found to be a "regular" career criminal under § 4B1.1 based on the definition of "crime of violence" under § 4B1.2 or an armed career criminal under § 4B1.4 based on the parallel standards of § 924(e)(2)(B), Defendant was simply not sentenced based on the unconstitutionally vague residual clause found in those provisions.

The controversial provision reads as follows, with the unconstitutionally vague residual clause emphasized:

1    has as an element the use, attempted use, or threatened use of physical force against
2    the person of another; or

3    is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*

4  18 U.S.C. § 924(e)(2)(B)(i)–(ii) (emphasis added); U.S.S.G. § 4B1.2(a)(1)–(2) (emphasis added).

5  *Johnson* is no aid to Defendant, because the residual clause was not applied to him,
6  but rather the physical-force clause, which properly applies to bank robbery under § 2113(a).
7  "Armed bank robbery qualifies as a crime of violence because one of the elements of the offense
8  is a taking 'by force and violence, or by intimidation.'" *United States v. Wright*, 215 F.3d 1020,
9  1028 (9th Cir. 2000) (quoting 18 U.S.C. § 2113(a)).  Although the Court of Appeals used the
10 term "armed" in *Wright*, it did so not because being armed was an element of bank robbery but
11 because the defendant there was challenging whether the offense of Using or Carrying a Firearm
12 During a Crime of Violence, i.e., "armed" bank robbery in his case, had been proved.  A
13 preliminary question was whether bank robbery itself qualified as a crime of violence, and the
14 Court of Appeals found that it did under a provision of § 924(e)(2)(B) that has not been held
15 unconstitutionally vague. *See id.*

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 84) and the Motion to Appoint Counsel (ECF No. 83) are DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: This 6th day of May, 2016.

_____
ROBERT C. JONES
United States District Judge