# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:13-cr-00322-RCJ-VCF-1 |
| vs. ) | |
| ) | |
| DANIEL LEE STRANDBERG, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Defendant pled guilty to two counts of bank robbery, and the Court sentenced him to 180 months of imprisonment. Defendant filed a motion for habeas corpus relief, arguing that the residual clause allegedly applied to him under U.S.S.G. § 4B1.2(a)(2) is unconstitutionally vague. The Supreme Court has since ruled, however, that "the Guidelines are not amenable to a vagueness challenge." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). Even if they were, Defendant's claim would fail, because the physical-force clause of § 4B1.2(a)(1) applies to bank robbery. *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000).[1]

---

[1] Although the Court of Appeals used the term "armed bank robbery" in Wright, it did so not because only armed bank robbery under § 2113(d) qualifies as a crime of violence but because the defendant in *Wright* who was challenging a compound weapons offense had in fact committed armed bank robbery. The Court of Appeals reasoned, however, that simple bank robbery under § 2113(a) qualifies as a categorical crime of violence under the physical force clause of § 924(c)(3)(A). *See id.* (quoting and citing 18 U.S.C. § 2113(a)) ("Armed bank robbery qualifies as a crime of violence because one of the elements of the offense is a taking 'by force and violence, or by intimidation.'"). The quoted offense element is found in § 2113(a), i.e., simple bank robbery, without reference to subsection (d), which simply provides enhanced penalties for armed bank robbery.

Defendant has filed a notice of voluntary dismissal invoking Civil Rule 41(a)(1)(A)(i), to which the Government has objected, arguing that the Court should deny the § 2255 motion on the merits. The Court agrees with the Government. The Civil Rules may apply insofar as not inconsistent with § 2255 or the Section 2255 Rules, but application of the Civil Rules is discretionary with the district court, not mandatory. *See* Section 2255 Rule 12 ("may be applied"). The Court declines to apply Rule 41 to permit Defendant to avoid a merits dismissal of a motion that was plainly without merit under *Wright* when filed, regardless of *Beckles*.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. 2255 (ECF No. 89), the Motion to Defer Ruling (ECF No. 90), and a certificate of appealability are DENIED.

IT IS SO ORDERED.

DATED: This 24th day of May, 2017.

_____
ROBERT C. JONES
United States District Judge